OPINION AND JOURNAL ENTRY
STATEMENT OF THE CASE
This cause arises as an appeal of the trial court's dismissal of appellant's petition for Writ of Habeas Corpus whereby appellant alleged he was wrongfully incarcerated by the appellee. Specifically, appellant alleged his parole was revoked after completion of his probationary period.
At the trial court, appellee filed a Motion to Dismiss, alleging appellant's failure to attach a list of his prior civil actions, his failure to attach his commitment papers, and that parole revocation procedures are not reviewable in a habeas corpus action. The trial court dismissed the habeas corpus petition, stating that appellant had been placed in such institution by the order of a court of competent jurisdiction.
 STATEMENT OF THE FACTS
On October 29, 1988 appellant was sentenced to a term of two to ten years incarceration for attempted burglary, concurrent with other lesser charges. Appellant was paroled December 12, 1991 and reincarcerated on June 19, 1993 for parole violations.
On March 23, 1998 appellant filed his petition for writ of habeas corpus with the trial court. On April 20, 1998 the appellees filed their motion to dismiss with the lower court. On April 28, 1998 the lower court dismissed appellant's petition. This instant appeal followed, on May 28, 1998. No further action was initiated by appellant after his Reply Brief of July 1, 1998.
 HOLDING
This issue is now moot due to the fact that appellant has now been released from confinement. On October 18, 1998 appellant was released from the Belmont Correctional Institution after completion of his maximum sentence, according to the records of that institution, submitted to this Court with appellee's motion to dismiss.
Respondent's Motion to Dismiss is granted.
Costs taxed against appellant.
Final order. Clerk to serve a copy of this order to the parties as provided by the Civil Rules.
Waite, J., concurs, Donofrio, J., concurs, Vukovich, J., concurs.